IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-41

 No. 78A20

 Filed 16 April 2021

 STATE OF NORTH CAROLINA

 v.
 WILLIAM LEE SCOTT

 Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of

 the Court of Appeals, 269 N.C. App. 457 (2020), finding no prejudicial error after

 appeal from a judgment entered on 23 July 2018 by Judge Paul C. Ridgeway in

 Superior Court, Alamance County. Heard in the Supreme Court on 15 February 2021.

 Joshua H. Stein, Attorney General, by Kathryne E. Hathcock, Assistant
 Attorney General, for the State-appellee.

 M. Gordon Widenhouse Jr. for defendant-appellant.

 BARRINGER, Justice.

¶1 To address this appeal, this Court must decide whether the Court of Appeals

 erred by not deciding whether an error was harmless beyond a reasonable doubt and

 by placing the burden on defendant to show the error was prejudicial. We conclude

 the Court of Appeals erred. Thus, we reverse the Court of Appeals’ decision and

 remand to the Court of Appeals to apply the proper standard.
 STATE V. SCOTT

 2021-NCSC-41

 Opinion of the Court

 I. Background

¶2 On 21 June 2013, defendant’s car collided with another vehicle. The driver of

 the other vehicle was pronounced dead at the scene. Defendant was transported to

 Moses Cone Hospital where he was treated and released. The State filed an

 application for an order for Moses Cone Hospital medical records, seeking medical

 records and the defendant’s blood from his 21 June 2013 admission to the hospital.

 The trial court issued an order directing Moses Cone Hospital to provide defendant’s

 medical records and blood. The North Carolina State Crime Laboratory issued a

 report containing the analysis of blood testing on defendant’s blood on 29 July 2013.

 The laboratory report contained the analyst’s opinion that the blood alcohol

 concentration of defendant’s blood was .22 grams of alcohol per 100 milliliters of

 blood.

¶3 Subsequently, in September 2013, the State obtained a grand jury indictment

 against defendant for second-degree murder, felony death by vehicle, and

 misdemeanor death by vehicle. Before trial, defendant filed a motion to suppress. In

 the motion, defendant sought to exclude evidence generated from defendant’s blood,

 arguing the blood was obtained in violation of the Constitutions of the United States

 and of North Carolina. The trial court denied defendant’s motion to suppress.

¶4 At trial, the State introduced, and the trial court admitted into evidence the

 laboratory report and testimony from its expert that the blood alcohol concentration
 STATE V. SCOTT

 2021-NCSC-41

 Opinion of the Court

 of defendant’s blood was .22 grams of alcohol per 100 milliliters of blood (collectively,

 blood test results). Defendant preserved his objection to the admission of the blood

 test results during trial.

¶5 The jury returned a verdict of guilty of second-degree murder and felony death

 by motor vehicle. The trial court subsequently entered judgment on second-degree

 murder and arrested judgment on felony death by vehicle. Defendant appealed.

¶6 On appeal, the Court of Appeals held that the trial court erred by denying

 defendant’s motion to suppress and by not excluding the blood test results. State v.

 Scott, 269 N.C. App. 457, 465 (2020). The Court of Appeals’ decision stated in

 pertinent part:

 Here, no allegation or indication of Defendant’s
 purported intoxication was asserted in the record or in the
 Application for Order [for provision of Defendant’s blood].
 None of the officers, firefighters, or paramedics on the
 scene, nurses, physicians, or investigating officers in close
 and direct contact with Defendant at the hospital noticed
 any signs of impairment at the time of the collision or
 thereafter.

 The first and only indication of Defendant’s
 intoxication were results of tests on Defendant’s blood
 samples taken from the Hospital and tested over a week
 later at the [State Bureau of Investigation] laboratory. . . .

 ....

 . . . [T]he trial court’s order [for provision of Defendant’s
 blood] does not base its reasoning upon exigent
 circumstances to draw blood without a warrant from an
 incapacitated person, who is under suspicion for drunk
 STATE V. SCOTT

 2021-NCSC-41

 Opinion of the Court

 driving. “The natural dissipation of alcohol in the
 bloodstream does not constitute an exigency in every case
 sufficient to justify conducting a blood test without a
 warrant.” State v. Romano, 369 N.C. 678, 687, 800 S.E.2d
 644, 656 (2017) (quoting Missouri v. McNeely, 569 U.S. 141,
 165, [133 S. Ct. 1552,] 185 L. Ed. 2d 696, 715 (2013)).

 The State’s reliance on State v. Smith is also
 inapposite. The facts in Smith involved a search warrant
 for the defendant’s test results and did not involve whether
 the search warrant was supported by sufficient probable
 cause. [State v.] Smith, 248 N.C. App. [804,] 815, 789
 S.E.2d [873,] 879 [(2016)]. This Court concluded the
 “identifiable health information” in [N.C.G.S.] § 90-
 21.2[0]B(a1)(3) requires a search warrant or judicial order
 that “specifies the information sought.” Id.

 However, a valid order remains subject to the
 reasonable suspicion standard required by our Supreme
 Court’s opinion in In re Superior Court Order, 315 N.C.
 [378,] 382, 338 S.E.2d [307, 310 (1986)]. A search warrant
 remains subject to the probable cause standard contained
 in N.C.[G.S.] § 15A-244 (2017). As noted above, the order
 before us is not based upon either reasonable suspicion or
 probable cause.

 . . . Defendant’s motion to suppress should have been
 sustained and the blood test results should have been
 excluded. Defendant’s second-degree murder conviction
 cannot be supported on a theory of intoxication to provide
 the required element of malice.

Id. at 463–65 (cleaned up). The Court of Appeals’ decision then addressed the

prejudicial effect of the error. Id. at 465–66. The Court of Appeals held:

 The State provided substantial evidence of both
 Defendant’s high speed and his reckless driving, together
 with his prior record, to show malice to support
 Defendant’s conviction for second-degree murder.
 STATE V. SCOTT

 2021-NCSC-41

 Opinion of the Court

 Defendant has failed to carry his burden to show any
 prejudicial error in the denial of the motion to suppress.

 Id. at 467.

¶7 The dissent joined a portion of the majority decision, concurring “in the holding

 that Defendant’s motion to suppress this evidence should have been granted.” Id. at

 467 (Brook, J., concurring in part and dissenting in part). However, the dissent

 disagreed with the portion of the majority decision holding that the admission of the

 blood test results did not constitute prejudicial error. Id. at 467–68. The dissent

 observed that the majority decision “seems to be based on a misapplication of the

 applicable legal standard.” Id. at 472. The dissent identified the standard as “whether

 [the court] can ‘declare a belief that [the federal constitutional error] was harmless

 beyond a reasonable doubt.’ ” Id. (second alteration in original) (quoting State v.

 Lawrence, 365 N.C. 506, 513 (2012)). The dissent applied that standard and concluded

 he could not state that the admission of the blood test results was harmless beyond a

 reasonable doubt. Id. at 472–73.

 II. Analysis

¶8 “[B]efore a federal constitutional error can be held harmless, the court must be

 able to declare a belief that [the error] was harmless beyond a reasonable doubt.”

 Chapman v. California, 386 U.S. 18, 24 (1967); see also Davis v. Ayala, 576 U.S. 257,
 STATE V. SCOTT

 2021-NCSC-41

 Opinion of the Court

 267 (2015); N.C.G.S. § 15A-1443(b) (2019).1 The burden falls “upon the State to

 demonstrate, beyond a reasonable doubt, that the error was harmless.” N.C.G.S.

 § 15A-1443(b); see also Brecht v. Abrahamson, 507 U.S. 619, 630 (1993); Chapman,

 386 U.S. at 24; Lawrence, 365 N.C. at 513.

¶9 In this case, the Court of Appeals held that the motion to suppress should have

 been sustained. Scott, 269 N.C. App. at 465. In reaching this conclusion, the Court of

 Appeals held that the order resulting in the production of the blood to the State was

 not based on either probable cause or exigent circumstances. Id. at 464–65. Since the

 absence of probable cause and exigent circumstances for a search or seizure2 violates

 the Constitution of the United States absent a warrant or another exception to the

 warrant requirement, the Court of Appeals effectively held that a federal

 constitutional error occurred. See U.S. Const. amend. IV; State v. Welch, 316 N.C.

 578, 587 (1986) (interpreting the balancing test set forth in Schmerber v. California,

 384 U.S. 757, 770–72 (1966), as “forbidding law enforcement authorities acting

 without a search warrant from requiring a defendant to submit to the drawing of a

 blood sample unless probable cause and exigent circumstances exist to justify a

 1 Subsection 15A-1443(b) of the General Statutes of North Carolina “reflects the
 standard of prejudice with regard to violation of the defendant’s rights under the Constitution
 of the United States, as set out in the case of Chapman v. California, 386 U.S. 18, 87 S. Ct.
 824, 17 L. Ed. 2d 705 (1967).” N.C.G.S. § 15A-1443 official cmt. (2019).
 2 “[D]rawing blood from a person constitutes a search under both the Federal and

 North Carolina Constitutions.” State v. Romano, 369 N.C. 678, 685 (2017) (citations omitted).
 STATE V. SCOTT

 2021-NCSC-41

 Opinion of the Court

 warrantless seizure of the blood sample”). As a result, the Court of Appeals should

 have applied the aforementioned standard for federal constitutional errors in this

 case. See State v. Ortiz-Zape, 367 N.C. 1, 13 (2013) (“When violations of a defendant’s

 rights under the United States Constitution are alleged, harmless error review

 functions the same way in both federal and state courts.” (quoting Lawrence, 365 N.C.

 at 513)); State v. Autry, 321 N.C. 392, 399 (1988) (“Assuming arguendo that the search

 violated defendant’s constitutional rights and that the evidence therefrom was

 improperly admitted at trial, we find any such error in its admission harmless beyond

 a reasonable doubt.”).

¶ 10 Therefore, we conclude that the Court of Appeals erred. The Court of Appeals

 did not apply the correct standard that the error was harmless beyond a reasonable

 doubt and wrongly placed the burden on defendant to show prejudice as reflected in

 its analysis and conclusion. Scott, 269 N.C. App. at 465–67.

 III. Conclusion

¶ 11 The Court of Appeals applied the wrong standard for determining prejudice

 resulting from a violation of defendant’s rights under the Constitution of the United

 States. Accordingly, we reverse the decision of the Court of Appeals and remand to

 the Court of Appeals to apply the proper standard and review this matter in a manner

 not inconsistent with this opinion.

 REVERSED AND REMANDED.